UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                            Plaintiff,

                -against-

FRANCIS K. BASILE, PETRO, INC., SHERMAN
ACQUISITION LIMITED PARTNERSHIP, JOHN DOE,
MARY ROE and XYZ CORPORATION,

                         Defendants.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-7022 (JS) (ARL)

**LINDSAY, Magistrate Judge:**

       The plaintiff, United States of America (the "United States"), commenced this action on December 16, 2019, against the defendants, Francis K. Basile, the County of Suffolk,[1] Petro, Inc., Sherman Acquisition Limited Partnership, John Doe, Mary Roe and XYZ Corporation,[2] pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 et seq., seeking to foreclose on a mortgage encumbering the property commonly known as 41 Reeves Avenue, Riverhead, New York.  Before the Court, on referral from District Judge Seybert, is the motion of the plaintiff for summary judgment as against the defendant Francis K. Basile ("Basile") pursuant to Federal Rule of Civil Procedure ("Rule") 56[3].  For the reasons set forth below, the Court respectfully recommends that the plaintiff's motion as against Basile be granted and that a default judgment be entered as against Petro Inc. and Sherman Acquisition Limited Partnership.

---

[1] The plaintiff voluntarily dismissed the action against the County of Suffolk in January 2020.
[2] The undersigned respectfully recommends that the claims against Mary Roe, John Doe, and XYZ Corporation also be voluntarily dismissed.
[3] The plaintiff filed a Notice of Motion for Judgment of Foreclosure pursuant to Rule 55(b) of the Federal Rules of Civil Procedure rather than Rule 56.  However, it is clear from the plaintiff's October 4, 2022 premotion conference letter and District Judge Seybert's referral order that the intent was to file a motion for summary judgment as against Basile rather than a motion for a default judgment.

## BACKGROUND

A.     **Factual Background**

The following facts are drawn from the plaintiff's uncontested Local Rule 56.1 Statement.  Local Rule 56.1 provides that where, as here, the opposing party does not specifically controvert an asserted material fact of the moving party, such fact is deemed to be admitted for purposes of the motion.

On June 2, 1999, Basile executed and delivered a Promissory Note to the United States, acting through the United States Department of Agriculture's Rural Housing Service ("RHS"), in the amount of $120,000.00, with interest at a yearly rate of 6.375%.  Pl.'s Rule 56.1 Stmt. ¶ 1; Compl. Ex. A.  Basile also executed a Mortgage on the premises securing the Promissory Note.  Pl.'s Rule 56.1 Stmt. ¶ 3; Compl. Ex. B.  The real property that is security for the Mortgage is commonly known as 41 Reeves Avenue, Riverhead, NY.  *Id.*  The Mortgage was recorded in the Suffolk County Clerk's Office on or about June 2, 1999 at Liber 19535 Page 746.  Pl.'s Rule 56.1 Stmt. ¶ 3.

On the same day he executed the Mortgage, Basile signed a Subsidy Repayment Agreement.  Pl.'s Rule 56.1 Stmt. ¶ 2.  According to the RHS's website, at the loan closing, eligible customers can receive payment assistance – called a subsidy – to reduce monthly payments based on household income.  *See* https://www.rd.usda.gov/sites/default/files/fact sheet/508_RD_FS_RHS_ SubsidyRecaptureDirectLoans.pdf.  The Subsidy Repayment Agreement defines the loan repayment terms, including the circumstances under which all or a portion of the subsidy must be repaid (the "subsidy recapture").  *Id.*  In this case, the interest rate was reduced and an interest credit in the amount of $49,665.46 was subject to recapture and recoverable as part of the mortgage debt.  Compl. Ex. C; Barnard Decl. ¶ 4.

Basile defaulted on the loan payments on September 19, 2012.  Pl.'s Rule 56.1 Stmt. ¶ 1; Compl. ¶ 7.  On September 20, 2013, the RHS mailed Basile a default letter advising him that the entire amount owed on the promissory note, namely, $131,906.31 in unpaid principal, $9,381.68 in unpaid interest plus additional interest accruing at a daily rate of $ 23.0384, and an unspecified amount for additional advances to be made by the United States, interest on those advances, late fees and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement, was immediately due and owing.  Gould Decl. E.  On August 27, 2019, the United States mailed Basile, by certified and first class mail to his residence at 41 Reeves Avenue, a 90 day Pre-Foreclosure Notices pursuant to RPAPL 1304. *Id.* Ex. F.  The 90-day Notice advised that as of August 27, 2019, the loan had been in default for 2533 days and $301,851.85 was due and owing.  *Id.*  By the time the complaint in this case was filed, the United States had also complied with the provisions of New York State RPAPL Section 1306.  Compl. Ex. E.

Despite being served with such notices, Basile failed to cure the default or otherwise respond.  As such, as of May 24, 2022, there was a total amount of $369,742.36 due and owing to the United States, comprised of principal in the amount of $130,250.31, interest between August 19, 2012 and May 24, 2012 in the amount of $81,101.41; subsidy recapture in the amount of $49,665.46; and escrow and other fees amounting to $108,725.18.  Barnard Decl. ¶ 5 and Ex. D.

**B.   Procedural History**

According to the proof of service filed by the United States, on December 30, 2019, Basile was personally served with a copy of the summons, complaint and Homeowner's Foreclosure notice.  ECF No. 9.  Around that time, the defendants, Sherman Acquisition Limited

Partnership, Petro, Inc. and the County of Suffolk were also served. *Id.* On January 15, 2019, Basile wrote to the Court seeking additional time to answer the complaint, which was granted. On February 24, 2020, Basile filed an answer denying the allegations in the complaint an asserting a series of generic affirmative defenses including, statute of limitations, accord and satisfaction, failure of consideration, fraud, estoppel and laches. ECF No. 11.

On April 3, 2020, the undersigned issued an initial conference order that included a proposed discovery schedule. ECF No. 14. An initial conference was then scheduled for June 10, 2020 but was later cancelled. Seven months later, the Court was advised that the U.S. Department of Agriculture ("USDA") had a foreclosure and eviction moratorium for Single Family Housing Direct Loan Borrowers through March 31, 2021. The subject loan was covered by the moratorium. Accordingly, a telephone status conference was not held until April 6, 2021. During that conference, the Court was once again advised that the foreclosure and eviction moratorium had been extended to June 30, 2021.

In August, the Court was then advised that the USDA had extended the hold on this matter to July 31, 2021 as part of the extended foreclosure and eviction moratorium for Single Family Housing Direct Loan Borrowers, but that the United States would be ready to proceed with dispositive motion practice in October. ECF No. 22. Because the eviction moratorium had been extended to September 30, 2021, the Court directed the parties to submit a joint status report by October 1, 2021 and indicated that it would set a new date for the commencement of dispositive motion practice upon receipt of the status report.

Notwithstanding the Court's direction, the parties failed to file the status letter. Instead, on November 18, 2021, counsel for the United States wrote to the Court and indicated that it believed the action was still covered by the COVID-19 Emergency Eviction and Foreclosure

Prevention Act of 2020 (the "Act") despite the fact that the moratorium had expired. Given the plaintiff's assessment, counsel for the United States mailed a Hardship Declaration form and instructions to Basile on November 5, 2021 and requested that the action be stayed through January 15, 2022. That request was granted.

No action was taken between January and March 2022. However, on March 3, 2022, the United States submitted a request to the Clerk of the Court to have a notation of default entered against the County of Suffolk, Petro Inc., and Sherman Acquisition Limited Partnership. On March 10, 2022, the Clerk of the Court entered that notation of default. The undersigned never set a new deadline for dispositive motion practice, but on October 4, 2022, the United States nonetheless filed a premotion conference letter with District Judge Seybert along with its Rule 56.1 Statement. ECF No. 28. In the letter, the plaintiff noted that "the defendant['s] counsel has not served a Rule 56.1 Counterstatement." To clarify, the undersigned believes that Basile was still representing himself at the time. In addition, the plaintiff failed to seek leave to file a motion for a default judgment with respect to Petro Inc. and Sherman Acquisition Limited Partnership.

In any case, by order dated November 8, 2022, District Judge Seybert noted that Basile had failed to respond to the premotion conference request regarding the anticipated summary judgment motion. However, the certificate of service filed by the plaintiff failed to indicate whether the premotion conference letter was served upon Basile. As such, rather than setting a briefing schedule, the Court directed the United States to serve a copy of the order along with the premotion conference letter and accompanying documentation upon Basile by November 10, 2022. The Court further directed Basile to file opposition to plaintiff's premotion conference

5

letter by November 28, 2022 and warned that if Basile failed to comply with the order, the Court would deem the request unopposed and set a briefing schedule.

After proof of service was filed, Judge Seybert entered a further order establishing a briefing schedule for the summary judgment motion. Once again, the Court warned Basile that any failure to timely oppose the plaintiff's motion would result in the Court considering the plaintiff's motion unopposed. As directed, on January 3, 2023, the United States filed its motion for summary judgment. Basile failed to respond. On April 27, 2023, the unopposed motion was referred to the undersigned.

## DISCUSSION

### A.  Standards of Law

The Second Circuit has made clear that where a nonmoving party fails to respond to a motion for summary judgment, the district court still must determine whether summary judgment is warranted. *See United States v. Rozbruch*, 28 F. Supp. 3d 256, 268 (S.D.N.Y. 2014). "'Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law.'" *Puglisi v. Town of Hempstead*, No. 10 CV 1928, 2012 WL 4172010, *6 (E.D.N.Y. Sept. 17, 2012) (quoting *In re Blackwood Assocs., L.L.P.,* 153 F.3d 61, 67 (2d Cir. 1998) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c)). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party. *See Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is

6

unavailable. *See Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 129 (2d Cir. 1996), *cert denied*, 520 U.S. 1228 (1997).

The trial court's responsibility is "limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994). When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]here must exist 'specific facts showing that there is a genuine issue for trial' in order to deny summary judgment as to a particular claim." *Jamaica Ash & Rubbish v. Ferguson*, 85 F. Supp. 2d 174, 180 (E.D.N.Y. demonstrating that little or no evidence may be found in support of the non-moving party's case. Accordingly, "[w]hen no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999).

### B. Claims against Basile

Usually, "[o]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap*, CV 11–4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), Report and Recommendation adopted by, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014). Here, the United States has presented the requisite documentation to establish a prima facie case, including the mortgage, the note, and the notices of default. Basile has not made an affirmative showing to

7

overcome the plaintiff's prima facie case. Accordingly, summary judgment with respect to Basile is warranted.

### C. Damages

The United States seeks $130,250.31 in principal owed on the note, as well as interest through May 24, 2022, in the amount of $81,101.41. Barnard Decl. ¶ 5 and Ex. D. In addition, the plaintiff claims entitlement to a subsidy recapture in the amount of $49,665.46 and reimbursement for escrow and other fees amounting to $108,725.18. In support of its claim for damages, the United States has submitted the Declaration of Michelle W. Barnard, a Foreclosure Specialist with RHS. Basile has not objected to Barnard's calculations despite being served with a copy of the motion papers. After reviewing the record, the Court finds that an evidentiary hearing is not necessary and respectfully recommends that judgment should be entered in the United States' favor as against Basile in the amount of $369,742.36.

### D. Attorneys' Fees and Costs

Pursuant to the terms of the Note, Basile acknowledged that the plaintiff had the right to be paid back for all its costs and expenses including attorneys fees if he defaulted. Gould Decl. Ex. A. To this end, the plaintiff's counsel seeks $3,875.00 in attorneys' fees and $1,030.00 in costs incurred in this litigation. However, since counsel charges a flat fee for foreclosure work, counsel did not provide the Court with individual timesheets. Nor did he indicate the hourly rate for attorneys or paralegals who worked on the case. "'In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'" *OneWest Bank, N.A. v. Denham*, No. CV 14-5529 DRH AKT, 2015 WL 5562980, at *10 (E.D.N.Y. Aug.

8

31, 2015), report and recommendation adopted, No. 14 CV 5529 DRH AKT, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015)(citing *OneWest Bank, N.A. v. Cole*, No. 14-CV-03078 FB RER, 2015 WL 4429014 (E.D.N.Y. July 17, 2015), as amended, No. 14 CV 3078 FB RER, 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), report and recommendation adopted sub nom. *One W. Bank, N.A. v. Cole*, No. 14 CV 03078 FB RER, 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016)).  Indeed, "[t]he absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances." *Id.*  Accordingly, the undersigned recommends that the plaintiff's request for attorneys' fees be denied.  The Court has, however, reviewed the plaintiff's bill of costs and finds the request reasonable.  As such, the undersigned recommends that the plaintiff also be awarded $1,030.00 in costs.

> E. **Claims against Petro Inc. and Sherman Acquisition Limited Partnership**

The complaint also names Petro Inc. and Sherman Acquisition Limited Partnership as defendants.  According to the plaintiff, Petro Inc. and Sherman Acquisition Limited Partnership may have an interest in or lien upon the mortgaged premises that accrued subsequent to the lien of the United States.  Compl. ¶ 12.  RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  N.Y. RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC,* No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.,* 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005)).

Courts in this district have frequently found that entry of default judgment "is appropriate where the complaint alleges 'nominal liability -- i.e., that any judgments the [d]efaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" *Id.* (quoting Christiana Bank & Trust Co. v. Dalton, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009)). Although it is not clear if the plaintiff intended to move for a default judgment as to these non-mortgagor defendants, the undersigned respectfully recommends that the Court nonetheless enter a default judgment as to Petro Inc. and Sherman Acquisition Limited Partnership.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       June 27, 2023

                                                      _____/s_____
                                                      ARLENE R. LINDSAY
                                                     United States Magistrate Judge