```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                      ADOPTION ORDER
                                                19-CV-7022(JS)(ARL)
      -against-

FRANCIS  K.  BASILE,  PETRO,  INC.,
SHERMAN    ACQUISITION    LIMITED
PARTNERSHIP, JOHN DOE, MARY ROE
and XYZ CORPORATION,

                Defendants.
-------------------------------X
APPEARANCES
For Plaintiff:      Barry Michael Weiss, Esq.
                    Pincus Law Group, PLLC
                    425 RXR Plaza
                    Uniondale, NY 11556

                    Nicole B. LaBletta, Esq.
                    LaBletta & Walters LLC
                    200 Barr Harbor Drive, Suite 400
                    Conshohocken, PA 19428

For Defendant
Basile:             Francis K. Basile, pro se
                    41 Reeves Avenue
                    Riverhead, NY 11901

For Remaining
Defendants:         No appearance.
```

SEYBERT, District Judge:

United States of America ("Plaintiff") commenced this action to foreclose on a mortgage encumbering the real property known as 41 Reeves Avenue, Riverhead, New York (the "Property"). (See generally Compl., ECF No. 1.)  Francis Basile ("Defendant Basile") is the mortgagor of the Property.  The other defendants

are comprised of named and "John Doe" defendants who may have an interest in or lien upon the Property that accrued subsequent to Plaintiff's mortgage. (See id. ¶ 12.) These interested defendants are: (1) Petro, Inc. and Sherman Acquisition Limited Partnership (collectively, the "Non-Mortgagor Defendants"); and (2) John Doe, Mary Roe and XYZ Corporation (collectively, the "Doe Defendants"). Defendant Basile was the sole defendant to answer the Complaint. (Def. Basile Answer, ECF No. 11.) Plaintiff obtained entries of default against the Non-Mortgagor Defendants. (Entries of Default, ECF No. 26.)

On January 3, 2023, Plaintiff moved for summary judgment and default judgment. (See Mot., ECF No. 31; Michael Gould Aff., ECF No. 31-1, at ¶¶ 1, 5-6; Support Memo, ECF No. 31-2.) No opposition to Plaintiff's motion was filed by any Defendants. On April 27, 2023, the Court referred Plaintiff's motion to the Honorable Arlene R. Lindsay for a Report and Recommendation ("R&R").

Judge Lindsay issued her R&R on June 27, 2023. (See generally R&R, ECF No. 32.) In the R&R, Judge Lindsay recommends granting Plaintiff's motion as to Defendant Basile, entering default judgment against the Non-Mortgagor Defendants, and dismissing the claims against the Doe Defendants. (Id. at 1 & n.2.)

On July 31, 2023, the Court received a letter from Defendant Basile in which he stated he has "not received any notification o[f] any of the dates stated in this correspondence" and that he "would like, respectfully, [his] day in court to be able to convey [his] case." (Letter, ECF No. 34.)  Defendant did not specify the "dates" to which he referred in his letter.  Notwithstanding, Plaintiff filed proof that Defendant was served copies of: (1) Plaintiff's pre-motion conference requests regarding its dispositive motion; (2) the Court's Order setting the briefing schedule for Plaintiff's motion; and (3) Plaintiff's motion and supporting documentation.  Further, Judge Lindsay sent Defendant Basile via certified mail a copy of the R&R.  All of these documents were mailed to Defendant Basile's address of record, which is the same address noted by Defendant on the top of his July 31, 2023 letter and is the same address as the Property subject to foreclosure here.

In an Electronic Order dated August 8, 2023, the Court responded to Defendant Basile's letter and stated:

> The Court previously warned Defendant [Basile] that "[a]ny failure to timely oppose Plaintiff's [summary judgment] motion, absent good cause shown, will result in the Court considering Plaintiff's motion unopposed." (Dec. 5, 2022 Elec. Order.)  Defendant [Basile] was issued a similar warning when he failed to respond to Plaintiff's pre-motion conference request. (See Nov. 8, 2022 Elec. Order.)

3

> The time for Defendant [Basile] to respond to the summary judgment motion has passed and Defendant [Basile], who has received notice of Plaintiff's submissions and the Court's orders, has not provided any explanation -- let alone demonstrate good cause -- as to why he did not oppose the summary judgment motion. As such, to the extent Defendant's July 31, 2023 letter seeks to re-open the briefing schedule regarding Plaintiff's summary judgment motion, that request is DENIED and [Plaintiff's] motion is DEEMED UNOPPOSED, as noted by Judge Lindsay in her R&R.  Notwithstanding, although the deadline to object to the R&R has expired and no objections were filed, <u>the Court will afford Defendant [Basile] **ONE FINAL OPPORTUNITY** to file objections to the R&R. Defendant [Basile] must file objections to the R&R **on or before August 25, 2023**. If Defendant [Basile] does not file timely objections, the Court will deem his objections WAIVED.</u>

(Aug. 8, 2023 Elec. Order.)  Plaintiff filed proof of service of the August 8, 2023 Electronic Order on the same day the Order was issued.  (Service Aff., ECF No. 35.)

To date, no objections to the R&R have been filed and the time to do so has expired.  A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Recommended rulings to which no specific timely objection is made, or to which general, conclusory or perfunctory objections are made, are reviewed only for clear error.  <u>Bassett v. Elec. Arts, Inc.</u>, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015); <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

4

Here, in the absence of any objections, the Court reviews Judge Lindsay's R&R for clear error.  Upon careful review and consideration, the Court finds the R&R to be comprehensive, well-reasoned, and free of clear error.  Accordingly, the Court ADOPTS the R&R in its entirety, Plaintiff's motion for summary judgment against Defendant Basile is GRANTED, default judgment is to be entered against the Non-Mortgagor Defendants, and Plaintiff's claims against the Doe Defendants are deemed voluntarily dismissed.

Plaintiff is directed to serve a copy of this Adoption Order upon Defendants forthwith and to file proof of such service on ECF <u>on or before August 30, 2023</u>.  Further, <u>on or before September 5, 2023</u>, Plaintiff is directed to submit a revised proposed judgment that reflects the grant of summary judgment against Defendant Basile and the entry of default judgment against the Non-Mortgagor Defendants.

**SO ORDERED.**

/s/ JOANNA SEYERT
Joanna Seybert, U.S.D.J.

Dated: August 28, 2023
       Central Islip, New York

5